## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **BRIGETT McGUIRE,** ) | Case No. 1:11 CV 1097 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MICHAEL J. ASTRUE, Commissioner,** ) | |
| ) | |
| Defendant. ) | |

Plaintiff Brigett McGuire filed this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying McGuire's application for social security disability benefits pursuant to the Social Security Act, 42 U.S.C. §§ 405(g). (**Doc. # 1**). The appeal was referred to Magistrate Judge Kathleen B. Burke for preparation of a Report and Recommendation ("R&R").

The Magistrate Judge issued an R&R in which she thoroughly analyzed the underlying facts and testimony in the record and found that the Commissioner's findings are supported by substantial evidence. (**Doc. # 22**). Thus, she recommended that the Court affirm the Commissioner's denial of benefits. (Id.) Plaintiff has filed objections. (**Doc #: 23-1**.)

For the following reasons, the Court **OVERRULES** the objections, **ADOPTS** the R&R in full, and **AFFIRMS** the Commissioner's ruling denying disability benefits.

### I. BACKGROUND

Brigett McGuire filed an application for disability insurance benefits on July 31, 2006, alleging a disability onset date of February 1, 2006. (Doc. # 10 at 33). She based her claim on manic depression and back problems. On May 21, 2007, the Social Security Administration

denied the application. (Id. at 57-61). Her request for reconsideration was also denied. (Id. at 62). McGuire requested a hearing and one was held before an Administrative Law Judge ("ALJ") on December 7, 2009. (Id. at 10-32; 72). McGuire was represented by counsel at the hearing and testified on her own behalf. (Id. at 15). A medical expert and a vocational expert also testified. (Id. at 30-35).

On February 19, 2010, the ALJ issued a decision in which he determined that McGuire had not been under a disability from February 1, 2006 through December 31, 2009. (Id. at 39-49). The ALJ noted that McGuire, who was 34 years old at the time of the hearing, was a high school graduate and had worked as a veterinary assistant for one year and as an animal shelter manager for ten years. (Doc. # 10 at 16). The ALJ found that, although McGuire could not perform her past work, she could perform light extertional work that existed in significant numbers in the national economy. (Id. at 52-53).

McGuire's request for review of the ALJ's decision was denied by the Appeals Council, at which point, the ALJ's decision became the final decision of the Commissioner. (Id. at 6; 1-3). Pursuant to 42 U.S.C. § 405(g), McGuire then filed a Complaint seeking review of the Commissioner's decision. (Doc. # 1). McGuire argued that (1) the ALJ failed to follow the treating physician's rule regarding her treating psychologist Dr. McLaughlin, thus the ALJ's opinion was not supported by substantial evidence; (2) the ALJ failed to properly consider the third party reports of McGuire's parents and husband; and (3) the ALJ's credibility finding was not supported by substantial evidence. (Doc. # 19). The Commissioner filed a response in which he argued that the decision should be affirmed because the ALJ's findings are supported by substantial evidence. (Doc. # 21).

On June 4, 2012, the Magistrate Judge recommends that the Court affirm the Commissioner's decision. (Doc. # 22). The Magistrate Judge found that the ALJ adequately articulated his reasons for giving less than controlling weight to the opinions of the treating physicians. (Id.). Furthermore, the Magistrate Judge stated that the ALJ's decision "acknowledged and considered the fact that McGuire receives assistance" from family members. (Id. at 22). Lastly, the Magistrate Judge opined that the ALJ's assessment of McGuire's credibility is not a basis for a reversal given the "high degree of deference provided to an ALJ's credibility determination," and the fact that the ALJ discussed various reasons for why he believed that McGuire's testimony was not supported by the rest of the evidence on the record. (Id. at 22-23).

In response to the R&R, McGuire objects to the Magistrate Judge's findings that the ALJ's: (1) evaluation of the medical evidence of record was correct; and (2) credibility determination regarding McGuire was supported by substantial evidence. (Doc. # 23-1).

## II. DISABILITY STANDARD

A claimant is entitled to receive disability insurance benefits only when she establishes disability within the scope of the Social Security Act. See 42 U.S.C. §§ 423, 1381. The Act defines disability as inability to perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." See 20 C.F.R. §§ 404.1505, 416.905.

### III. STANDARD OF REVIEW

When the Appeals Court denies review, the Court must review the ALJ's decision as the Commissioner's final decision. Thus, the Court's review is limited to whether the ALJ applied the correct legal standards and whether his decision was supported by substantial evidence. *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists when a "reasonable mind might accept" the relevant evidence "as adequate to support a conclusion." *Kirk v. Sec. of Health & Human Servs.,* 667 F.2d 524, 535 (6th Cir. 1981). Substantial evidence "is more than a scintilla of evidence but less than a preponderance." *Brainard v. Sec'y of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court must affirm the ALJ's decision, as long as it is supported by substantial evidence, even if the Court does not agree with it or even if the Court concludes that substantial evidence would support a final determination contrary to that arrived at by the Commissioner. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

### IV. ANALYSIS

The ALJ is required to apply a sequential five-step analysis to determine whether a claimant is disabled. The process can be summarized as follows:

> First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416 .920(d) (2000). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work,

>    if other work exists in the national economy that can be performed, the claimant is
>    not disabled.

*Brewer v. Astrue*, 1:10-CV-01224, 2011 WL 2461341 (N.D. Ohio June 17, 2011).  Here, after conducting this analysis, the ALJ concluded that McGuire had not engaged in substantial gainful activity during the relevant time period (step one), she had severe impairments of the back and an affective disorder (step two).  These disorders, however, did not meet or equal a listing under 20 C.F.R. § 404, Subpt. P, App. 1 (step three) and she could not perform her past work as an animal shelter manager (step four).  For step five, the ALJ found that McGuire could perform light extertional work which existed in significant numbers in the national economy. (Doc. # 10 at 41-54).  Specifically, the vocational expert testified that McGuire could work as a cleaner, kitchen worker, and stocker.  (Id. at 53).

The ALJ relied on a variety of evidence to conclude that McGuire was not disabled under the Social Security Act.  He discussed McGuire's daily living activities, which include housework and taking care of three children, ages four, six, and eight, one of whom is autistic. (Doc. # 10 at 51).  The ALJ noted that "caring for young children, especially a child with any form of handicap, is both physically and emotionally demanding," and the fact that McGuire manages this on a daily basis  "supports the conclusion that Ms. McGuire's impairments are not as disabling as alleged."  (Id. at 52).

In order to determine McGuire's RFC, the ALJ discussed the reports of several treating and consulting physicians.  He relied on the fact that McGuire's treating neurologist, Dr. Ruch, reported that McGuire looked as if she was "in no pain whatsoever" when she came to see her regarding her back problems. (Id. at 50).  The ALJ noted also that, although McGuire's pain-management physician reported that her pain effected her ability to perform work-related

-5-

activities, this assessment was based solely on McGuire's subjective complaints and was not supported by the weight of the evidence in the record. (Id.). The ALJ also found the opinion of the treating orthopedic surgeon, Dr. Stephens, to be inconsistent with McGuire's daily activities and the weight of the evidence. (Id.). The ALJ relied on the opinions of consulting physicians Dr. Goren and Dr. Huang, who both found that McGuire is capable of performing light extertional work. (Id. at 51). Dr. Huang noted that McGuire's MRI revealed no clinically clear weakness or impairment. (Id.). Likewise, Dr. Ruch found no nerve root impingement on McGuire's MRI scan in June 2008. (Id.). This was confirmed by subsequent EMG and CT myelogram tests. (Id.).

The ALJ based McGuire's mental RFC on the fact that McGuire's treating psychiatrist, Dr. McLaughlin, prescribed "conservative treatment," and repeatedly noted that her mood was stable and she was medication compliant in his treatment notes. (Doc. # 10 and 49-50). Lastly, the ALJ relied on the report of consulting psychologist, Dr. Halas, indicating that McGuire had an RFC of 55 and was therefore restricted in her ability to withstand stress and pressure but had otherwise moderate limitations. (Id. at 51).

### 1. Treating Physicians and the State Agency Physician

McGuire argues that the ALJ and the Magistrate Judge erroneously applied their "lay opinion[s] for that of a qualified physician" when both concluded that Dr. McLaughlin's opinion was not supported by substantial objective evidence on the record. (Doc. # 23-1 at 4). Under Social Security regulations, although the ALJ must consider the entire medical record, he must give the treating physician's opinion substantial weight if it is: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "not inconsistent with the other

-6-

substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2). The regulations also provide that the ALJ will give "good reasons" for the weight given to a treating physician's opinion. *Id.; see also Brock v. Comm'r of Soc. Sec.*, 368 F. App'x 622, 624 (6th Cir. 2010).

In his report, prepared for the purpose of McGuire's disability application, Dr. McLaughlin opined that McGuire was markedly limited in: maintaining attention and concentration; sustaining a routine without supervision, performing on schedule, maintaining attendance and being punctual; and performing complex, repetitive, or varied tasks. (Doc. # 10 at 882-883). He also found that she was extremely limited in responding to work pressures and workplace changes, and behaving in an emotionally stable manner. (Id.). However, the ALJ concluded that "[a]lthough Dr. McLaughlin has been Ms. McGuire's treating psychiatrist, his assessment is not supported by his treatment notes or the weight of the evidence." (Id. at 51).

The Court finds that substantial evidence supports the ALJ's determination that Dr. McLaughlin's opinion was entitled to less than controlling weight. Dr. McLaughlin's dire assessment of McGuire was contradicted by the treatment that he was providing to her. The ALJ cited several treatment notes where Dr. McLaughlin notes that McGuire is responding well to medication, her mood is stable, and she reports feeling "never better." (Id. at 744-745). The ALJ also mentioned that McGuire has never been hospitalized as a result of mental illness, is capable of taking care of three children daily, did not receive counseling (because McGuire was not interested), and was able to go off her psychiatric medications completely while pregnant. (Id. at 51).

McGuire argues that the ALJ improperly characterized the treatment that she was receiving from Dr. McLaughlin as "conservative." (Id.). She cites *Brewer v. Astrue*, in which

-7-

the district court remanded the case after finding that the ALJ improperly characterized a treating physician's treatment notes as inconsistent with his assessment of the claimant. 1:10-CV-01224, 2011 WL 2461341 (N.D. Ohio June 17, 2011). *Brewer* is easily distinguishable because in the instant case, the ALJ did not solely rely on his lay interpretation of the treatment notes. He also cites McGuire's testimony regarding her daily living activities and the contradicting assessment by Dr. Halas in order to support his decision. (Doc. # 10 at 51-52). The ALJ notes that McGuire regularly drives her kids to schools, prepares meals for the family, helps the kids with homework and bath time, and does light housework. (Id. at 49-52). Furthermore, Dr. Halas only found that McGuire was markedly limited in one area-- her ability to "withstand the stress and pressure associated with a fast-paced or demanding work setting." (Id. at 46). In contrast, Dr. McLaughlin found marked limitations in five areas and extreme limitations in an additional three areas. Dr. Halas assigned McGuire with a Global Assessment Functioning Score of 55, which indicates moderate symptoms. As previously discussed, the fact that McGuire was never hospitalized for mental health, maintains good relationships with her husband and family, takes care of three children daily, and never sought counseling, reinforces the ALJ's opinion that Dr. Halas' not Dr. McLaughlin's report was consistent with the weight of the evidence. Therefore, the ALJ properly assigned less than controlling weight to Dr. McLaughlin's extreme assessment of McGuire.

McGuire also objects to the ALJ's determination that the opinion of the treating orthopedic surgeon, Dr. Stephens, was not well supported or consistent with the evidence. Dr. Stephens had only been treating McGuire five months at the time she provided her opinion in January 2010. (Doc. # 10 at 886). She concluded that McGuire was only capable of functioning

at a sedentary level.  (Id. at 886-887).  The ALJ determined that McGuire's daily activities and the medical record clearly demonstrate that she is capable of performing above a sedentary level. (Id. at 45-46).  The ALJ noted that he gave "great weight" to Dr. Huang and Dr. Goren's opinions rather than Dr. Stephens because they were consistent with the weight of the evidence. (Id. at 51).  Dr. Huang examined McGuire in 2007, while Dr. Goren conducted a records review in order to testify at the hearing.  (Id. at 51).  Both concluded that McGuire could perform light extertional work. (Id.). The ALJ did not mention Dr. Bolz, the state agency physician who reviewed the file in September 2007, in his decision but Dr. Bolz also concluded that McGuire could perform light work. (Id. at 514-21). One of the factors that the ALJ must consider when deciding the weight to give a treating physician's testimony is consistency with the record as a whole.  20 C.F.R. § 404.1527(d)(2)-(6).  *See also Hamper v. Comm'r of Soc. Sec.,* 714 F. Supp. 2d 693, 704 (E.D. Mich. 2010).  Here, the ALJ was entitled to give less than controlling weight to Dr. Stephens since her assessment was inconsistent with several other medical experts.

### 2. Credibility of Ms. McGuire

McGuire argues that the ALJ failed to explain how McGuire's activities of daily living conflict with her inability to perform substantial gainful activity on a daily basis.  The responsibility of determining a claimant's credibility rests solely with the ALJ, not with the reviewing court.  *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007).  Such findings of credibility are entitled to great deference.  *Id.*  However, "[i]f an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so."  *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).  *See also Auer v. Secretary of Health & Human Services,* 830 F.2d 594, 595 (6th Cir.1987).  Likewise, "while credibility determinations

regarding subjective complaints rest with the ALJ, those determinations must be reasonable and supported by substantial evidence." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 249 (6th Cir. 2007).

Here, the ALJ's decision to find McGuire's testimony to be less than credible is supported by substantial evidence. The ALJ discussed McGuire's medical record, prescribed treatment, and symptoms as his reason for finding her complaints not entirely credible. Regarding McGuire's complaints of physical pain, the ALJ noted that a 2006 x-ray of McGuire's revealed only mild disk disease, a 2007 x-ray showed normal vertebrae alignment and a 2008 MRI showed no evidence of nerve root impingement. (Doc. # 10 at 50). In 2008, Dr. Ruch commented that McGuire complained of pain only when performing vigorous activity and looked like "she was in absolutely no pain whatsoever" during appointments. (Id. at 51). Furthermore, McGuire never sought counseling for her mental health.

Where complaints of pain are not fully supported by objective medical findings, the ALJ "may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." 20 C.F.R. § 416.929(a). *See also Kidd v. Comm'r of Soc. Sec.,* 283 F. App'x 336, 342 (6th Cir. 2008). Here, the ALJ thoroughly discussed McGuire's extensive "physically and emotionally demanding" activities of daily living and observed that they are not indicative of a woman in as much physical pain as McGuire purported to be in. (Doc. # 10 at 52).

Given the highly deferential standard by which the Court must evaluate the credibility finding of the ALJ, the Court finds that the ALJ's determination was supported by substantial evidence.

-10-

V.     CONCLUSION

Accordingly, the Court **OVERRULES** the objections (Doc #: 23-1); **ADOPTS** the R&R in full (**Doc. # 22**); and **AFFIRMS** the Commissioner's decision denying disability benefits to Ms. McGuire

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     July 2, 2012*
**Dan Aaron Polster**
**United States District Judge**